UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAMINI PARAMESWARAN, M.D.  :  <br> : <br> PLAINTIFF  : <br> : <br> v.  : <br> : <br> YALE UNIVERSITY, YALE NEW HAVEN  : <br> HEALTH SERVICES CORPORATION d/b/a  : <br> YALE-NEW HAVEN HEALTH SYSTEMS,  : <br> and YALE-NEW HAVEN HOSPITAL  : <br> : <br> DEFENDANTS  : <br> : | DOCKET NO. 3:22-CV-00271-AWT <br><br><br><br><br><br><br><br><br><br><br> MAY 18, 2022 |

## ANSWER OF YALE UNIVERSITY

The defendant, Yale University, hereby responds to the plaintiff's complaint, dated February 16, 2022 as follows:

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 except to admit that Dr. Parameswaran was one of two candidates accepted into the inaugural class of the Integrated Six-Year Cardio-Thoracic Surgical Residency Program.

2. The defendant denies the allegations contained in paragraph 2, except to admit that the plaintiff started her training in July 2014.

3-4. The defendant denies the allegations contained in paragraphs 3 and 4.

5. The defendant admits that Dr. Parameswaran made complaints about preferential treatment of male fellows and sex discrimination, but denies that no action was taken; an investigation into the plaintiff's complaints was undertaken, and it was concluded that there was no discrimination.

6-7. The defendant denies the allegations contained in paragraphs 6 and 7 except to admit that the plaintiff was placed on a remediation plan and later put on academic probation because of deficiencies in her medical knowledge, performance, and professionalism.

## COUNT ONE: SEX DISCRIMINATION, TITLE VII—ALL DEFENDANTS

8. The defendant denies the allegations of paragraph 8 except to admit that Dr. Detterbeck is and was at all relevant times an agent of Yale University.

9. The defendant admits that the plaintiff has brought such claims, but denies that they have any merit.

10. No response is required to this paragraph.

11-13. The defendant admits the allegations contained in paragraphs 11 through 13.

14. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15-17. The defendant admits the allegations contained in paragraphs 15 through 17.

18. The defendant denies the allegations contained in paragraph 18.

19-20. The defendant admits the allegations contained in paragraphs 19 and 20.

21-28. The defendant does not respond to the allegations contained in paragraphs 21 through 28, since those allegations refer to other parties.

29-30. The defendant denies the allegations contained in paragraphs 29 and 30.

31-36. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31 through 36.

37-39. The defendant admits the allegations contained in paragraphs 37 through 39.

40. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41-42.  The defendant admits the allegations contained in paragraphs 41 and 42.

43.  The defendant denies the allegations contained in paragraph 43.

44-45.  The defendant admits the allegations contained in paragraphs 44 and 45.

46.  The defendant denies the allegations contained in paragraph 46 except to admit that from July 1, 2019 to June 30, 2020, Dr. Parameswaran served as a Chief Resident in the Program as a PGY5.

47.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, except to deny the implication that plaintiff was not warned in advance that she might not graduate from the Program on time in June, 2020.

48.  The defendant admits the allegations contained in paragraph 48, except to deny that PGY5 and PGY6 trainees in the I-6 Program receive training that is equal to trainees in the Thoracic Surgery Fellowship, for the reason that the Thoracic Surgery Fellowship trainees must complete seven years of training, whereas the I-6 Program typically consists of six years of training.

49-52.  The defendant denies the allegations contained in paragraphs 49 through 52.

53-54.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53 and 54, except to admit that shortly before the December 13, 2018 meeting referenced in paragraph 55 of her complaint, the plaintiff reported her accusations to Ms. Waxman and Dr. Fisher.

55-56.  The defendant admits the plaintiff made accusations of sex discrimination during the meeting on December 13, 2018, but denies the truth of those accusations.

57.  The defendant admits that during the December 13, 2018 meeting, which had been called to discuss deficiencies in the plaintiff's performance and professionalism, a decision was made

to permit the plaintiff to pursue a grievance before the performance and professionalism issues were addressed.

58. The defendant denies the allegations contained in paragraph 58, and refers to the milestones reports for the contents thereof.

59-60. The defendant denies the allegations contained in paragraphs 59 and 60, except to admit that plaintiff was provided with a remediation plan which included repeating her PGY5 year due to deficiencies in medical knowledge, professionalism, and patient care.

61. The defendant admits that Dr. Detterbeck did not follow the progressive disciplinary steps described in the Yale New Haven Medical Center Grievance Policy when devising a remediation plan for the plaintiff, but denies the implication that said Policy applied to the remediation plan.

62. The defendant admits that the plaintiff filed a grievance alleging that the remediation plan was discriminatory and retaliatory, but denies that there was any truth to those allegations.

63. The defendant denies knowledge or information sufficient to form a belief as to whether YNHH "traditionally" utilized grievance procedures for claims of discrimination, and denies that this defendant traditionally utilized a grievance procedure to adjudicate claims of discrimination, since Yale University has Title IX procedures which govern such claims.

64. The defendant denies the allegations contained in paragraph 64.

65. Defendant admits that a change in policy was not raised or discussed during the March or April, 2019 New Haven Graduate Medical Education Committee meetings, because no such change was made to the policy.

66-68. The defendant admits the allegations contained in paragraphs 66 through 68.

69-70.   The defendant admits that the defendants jointly engaged an independent investigator to conduct an investigation into the plaintiff's complaints, and refers to the investigation report for the contents thereof.

71-72.   The defendant denies the allegations contained in paragraphs 71 and 72, except to admit that the plaintiff was given a remediation plan due to her unprofessional behavior and to admit that her second step grievance was denied.

73-74.   The defendant denies the allegations contained in paragraphs 73 and 74, except to admit that Dr. Parameswaran was promoted to PGY6 on January 1, 2020, which corresponded with a graduation date of December, 2020.

75.   The defendant denies the allegations contained in paragraph 75 except to admit that all residents in both the I-6 Program and the Thoracic Surgery Program are typically assigned for a rotation at the VA Hospital, where they normally participate in fewer surgeries than when they are assigned to the York Street campus.

76.   The defendant denies the allegations contained in paragraph 76.

77.   The defendant denies the allegations contained in paragraph 77, except to admit that in response to the plaintiff's complaint about Dr. Tellides' conduct, an investigation was conducted; the defendant refers to the report of that investigation for the contents thereof.

78.   The defendant admits that Dr. Tellides submitted an evaluation of Dr. Parameswaran's rotation, as required of him following the completion of the rotation, and refers to that evaluation for the contents thereof.

79.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.   The defendant admits the allegations contained in paragraph 80.

81. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82. The defendant admits the allegations contained in paragraph 82, except to deny the implication that Dr. Detterbeck denied a request of the plaintiff to sit for the Board examination earlier was a result of discrimination or retaliation; Dr. Detterbeck's response was dictated by the requirements of the American Board of Thoracic Surgery.

83-85. The defendant denies the allegations contained in paragraphs 83 through 85.

86-87. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 86 and 87.

88. The defendant denies the allegations contained in paragraph 88.

89. The defendant denies the allegations contained in paragraph 89.

90. The defendant denies the allegations contained in paragraph 90, and refers to the American Board of Thoracic Surgery Residency Requirements for the contents thereof.

91. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, except to admit that Dr. Parameswaran served as a Chief Resident of Cardiothoracic Surgery as a PGY5 from July 1, 2019 to June 30, 2020.

92. The defendant denies the allegations contained in paragraph 92 for the reason that Dr. Parameswaran only served six months as a PGY6.

93-95. The defendant denies the allegations contained in paragraphs 93 through 95, except to admit that plaintiff's counsel contacted lawyers for both defendants to request that she be retroactively promoted; an inquiry was made to the American Board of Thoracic Surgery; this defendant was informed that proceeding in the manner requested by the plaintiff would violate the requirements of

6

the American Board of Thoracic Surgery; and the plaintiff was therefore informed that the request could not be granted.

96.     The defendant admits the allegations contained in paragraph 96.

97-99.  The defendant denies the allegations contained in paragraphs 97 through 99, except to admit that Dr. Detterbeck did discuss professionalism deficiencies with the plaintiff during the summer of 2020, and thereafter placed her on administrative leave and academic probation.

100-101. The defendant denies the allegations contained in paragraphs 100 and 101.

102.    The defendant denies the allegations contained in paragraph 102, except to admit that academic probation is discipline and a resident who has been on academic probation should disclose this on all credentialing and licensing applications.

103.    The defendant admits the allegations contained in paragraph 103.

104.    The defendant denies the allegations contained in paragraph 104, for the reason that the plaintiff was informed in the Spring of 2019 that she would not be promoted to PGY6 until the Spring of 2020, and that it appeared likely at that time that she would need to extend her residency for an additional twelve more months, with an anticipated graduation date of June 30, 2021. In the Fall of 2020, the plaintiff was informed that it was likely she could complete her residency program by December 30, 2020, and she was provided official notification of that after the Clinical Competency Committee made its decision in mid-December, 2020.

105.    The defendant denies the allegations contained in paragraph 105.

106.    The defendant denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph 106, except to admit that the plaintiff will be required to disclose the fact that she was placed on probation for certain credentialing and licensing applications.

107.    The defendant denies the allegations contained in paragraph 107.

108. The responses to paragraphs 1-107 are repeated as the response to paragraph 108.

109-111. The defendant denies the allegations contained in paragraphs 109 through 111.

### COUNT TWO: SEX DISCRIMINATION, CFEPA—ALL DEFENDANTS

112. The responses to paragraphs 1-111 are repeated as the response to paragraph 112.

113-115. The defendant denies the allegations contained in paragraphs 113 through 115.

### COUNT THREE: AIDING AND ABETTING DISCRIMINATION—YNHHS

116-118. This defendant does not respond to Count Three since it is not named in Count Three.

### COUNT FOUR: AIDING AND ABETTING DISCRIMINATION--YNHH

119-121. This defendant does not respond to Count Four since it is not named in Count Four.

### COUNT FIVE: RETALIATION, TITLE VII—ALL DEFENDANTS

122. The responses to paragraphs 1-121 are repeated as defendant's response to paragraph 122.

123-125. The defendant denies the allegations contained in paragraphs 123 through 125.

### COUNT SIX: RETALIATION—ALL DEFENDANTS

126. The responses to paragraphs 1-125 are repeated as the response to paragraph 126.

127-128. The defendant denies the allegations contained in paragraphs 127 and 128.

### COUNT SEVEN: HOSTILE WORK ENVIRONMENT, TITLE IX--YALE UNIVERSITY

129. The responses to paragraphs 1-128 are repeated as the response to paragraph 129.

130-134. The defendant denies the allegations contained in paragraphs 130 through 134.

### COUNT EIGHT: DELIBERATE INDIFFERENCE, TITLE IX--YALE UNIVERSITY

135. The responses to paragraphs 1-134 are repeated as the response to paragraph 135.

136-139. The defendant denies the allegations contained in paragraphs 136 through 139.

## COUNT NINE: RETALIATION, TITLE IX--YALE UNIVERSITY

140. The responses to paragraphs 1-139 are repeated as the response to paragraph 140.

141-145. The defendant denies the allegations contained in paragraphs 141 through 145.

THE DEFENDANT, YALE UNIVERSITY

By: *Patrick M. Noonan*
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By: *Patrick M. Noonan*
Patrick M. Noonan